IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

TRUE NORTH COMMUNICATIONS INC.,

Plaintiff,

v.

FRANK C. BREYETTE, d/b/a FCB Web Design,

Defendant.

Civil Action No.: 00-2003MJD/JGL

**CONSENT JUDGMENT**

This matter having come before the Court for entry of judgment with the consent of Plaintiff, True North Communications Inc. ("True North") and Defendant, Frank C. Breyette, d/b/a FCB Web Design ("Defendant"), it is ordered, adjudged and decreed as follows:

1. True North is a Delaware corporation with its principal place of business at 101 East Erie Street, Chicago, Illinois 60611-2897. True North is the parent company of FCB Worldwide, Inc. ("FCB Worldwide"), a wholly owned subsidiary of True North.

2. Defendant resides at 4505 Nathan Lane N., #311, Plymouth, Minnesota 55442-3162 and does business in this judicial district as FCB Web Design.

3. This Court has jurisdiction over the subject matter of this action and over the Defendant. This Court's jurisdiction arises: (i) from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction conferred by 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338, and 1367; (ii) from the fact that this is a civil action in which Plaintiff and Defendant are citizens of different states and the value of the matters in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being conferred under 28 U.S.C. § 1332(a); and (iii) by virtue of the fact that certain claims are joined

FILED MAR 2 7 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§1051-1127, jurisdiction conferred by 28 U.S.C. §1338(b).

4. True North alleges that True North and FCB Worldwide, through their predecessors, (collectively, "FCB") adopted and began to use the FCB name and mark in connection with advertising services since at least as early as 1966, and have continuously and extensively used the FCB name and mark in connection with their advertising services since their aforesaid first use.

5. FCB Worldwide and its various divisions own and operate numerous Worldwide Web sites which promote and advertise FCB's advertising services to customers and can be accessed throughout the United States, including fcb.com, fcbstudio.com, fcbdigital.com, fcbdirect.com, fcbworldwide.com, fcbworldwide.net, fcbworldwide.org, fcbsf.com, fcbny.com, fcbhealth.com, fcbhealthcare.com and fcbworldwidedetroit.com.

6. True North owns two valid and subsisting federal trademark registrations for its FCB name and marks in the United States Patent and Trademark Office, Registration Nos. 2125534 and 2123705. (The FCB name and marks and all domain names owned and operated by FCB Worldwide and its various divisions shall be referred to collectively as the "FCB Marks.")

7. True North alleges that FCB has spent many millions of dollars to advertise and promote its advertising agency services under the FCB Marks, and has marketed and sold hundreds of millions of dollars worth of advertising agency services under the FCB Marks throughout the United States.

8. True North alleges that the FCB Marks have acquired fame and a strong secondary meaning signifying FCB's advertising agency services and represent an extremely valuable goodwill now owned by True North.

9. Subsequent to FCB's adoption and first use of its alleged distinctive and now famous FCB Marks, Defendant began offering web site design services throughout the United States using the name and mark FCB WEB DESIGN, and operating an Internet Worldwide Web site at the URL *fcbdesign.com* to advertise, promote and identify Frank Breyette's FCB WEB DESIGN services.

10. Subsequent to FCB's adoption and first use of its alleged distinctive and now famous FCB Marks, Defendant registered the business name FCB WEB DESIGN with the Minnesota Secretary of State.

11. The "FCB" portions of Defendant's FCB WEB DESIGN mark and *fcbdesign.com* URL are identical to True North's FCB Marks.

12. The undersigned Defendant, his officers, agents, servants, employees, attorneys, and all others in active concert or participation with him,

1. is permanently enjoined from:

(a) using the name FCB WEB DESIGN as the name of his business or as a domain name or URL;

(b) using the mark FCB in any URL or domain name;

(c) using the FCB Marks, or any mark comprised of the mark "FCB" or any name or mark that is confusingly similar to the FCB Marks or any other indicia owned by or associated with FCB Worldwide, True North, or any of their predecessors and associated entities in connection with advertising services, marketing services, marketing research services, website design or development services, consumer research services, brand research services, consumer consulting services, management consulting services, brand management consulting services, graphic design services, designing, promoting, marketing or selling computer software, or in any other manner which is confusingly similar to the manner in which FCB Worldwide, True

North, or any of their predecessors and associated entities use the FCB marks.

(d) doing any other act or thing likely to dilute the distinctive quality of the FCB Marks or any other indicia owned by or associated with FCB Worldwide, True North, or any of their predecessors and associated entities; and

(e) doing any other act or thing likely to induce the belief that the Defendant's business or services are in any way connected with True North's or FCB Worldwide's businesses, products or services or are sponsored or approved by True North or FCB Worldwide; and

2. shall perform the following acts:

(a) assign to True North all rights in and to the domain name *fcbdesign.com*;

(b) remove any content from the web site at the URL *fcbdesign.com*;

(c) sign and file an application to the appropriate registrar for the transfer of the domain name *fcbdesign.com* to True North (This application will be forwarded by True North to Breyette for his signature.);

(d) perform any other acts reasonably necessary to effectuate the transfer of the domain name *fcbdesign.com* to True North;

(e) withdraw or recall from any and all channels of distribution any and all products and advertising materials distributed by him or anyone acting in concert or participation with him bearing any description or representation that includes the FCB Marks, or any mark that is confusingly similar to the FCB Marks or any other indicia owned by or associated with FCB Worldwide, True North, or any of their predecessors and associated entities, or is otherwise in violation of the Lanham Act U.S.C. § 1051 *et. seq.*;

(f) cease all use of the name FCB WEB DESIGN as a business name or for any other purpose;

(g) file any documents or perform any other acts necessary to withdraw its registration of the name FCB WEB DESIGN from the

records of the Minnesota Secretary of State; and

(h) file with this Court and serve on counsel for True North within thirty (30) days after entry of this Order, a sworn written statement as provided in 15 U.S.C. § 1116(a).

13. Within fifteen (15) days after True North's receipt of proof that Defendant has performed the acts described in Paragraph 12 (2) (a) through (h), True North agrees to pay Defendant the sum of $1,000.00 (one thousand dollars) in exchange for the assignment of all rights in and to the domain name *fcbdesign.com* to True North and in full and final settlement of all of True North's claims which have accrued through the Effective Date of the parties' Settlement Agreement resolving this action, including but not limited to all claims asserted in this action.

12. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Judgment.

13. If True North prevails in any action to enforce this Consent Judgment, True North shall be entitled, to all remedies available to True North as a result of the acts complained of by True North in this action, as well as True North's actual attorneys' fees and costs.

Dated: March 26, 2001

Judge Michael J. Davis

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON
Mary E. Innis (6197086)
Jennifer E. Berner (6228841)
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
(312) 554-8000

FAEGRE & BENSON, LLP

By: ______________________
Jeff H. Eckland (139920)
2200 Wells Fargo Center
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402-3901
(612) 336-3000

Attorneys for Plaintiff
True North Communications Inc.

CHRISTOPHER D. JOHNSON & ASSOCIATES

By: ______________________
Christopher D. Johnson
Northstar Center East
608 Second Avenue South, Suite 1000
Minneapolis, Minnesota 55402

Attorney for Defendant
Frank C. Breyette, d/b/a
FCB Web Design